UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOHN WARNER | : | CIVIL ACTION |
| 520 Calvert Street | : | |
| Charles Town, Maryland 21914 | : | |
| | : | NO. |
| v. | : | |
| NATIONAL RAILROAD PASSENGER | : | |
| CORPORATION (AMTRAK) | : | JURY TRIAL DEMANDED |
| 60 Massachusetts Avenue | : | |
| Washington, D.C. 20002 | : | |

## COMPLAINT

1. The plaintiff herein is John Warner, a citizen and resident of Maryland, residing at 520 Calvert Street, Charles Town, MD 21914.

2. The action arises under the Act of Congress, April 22, 1908, c. 149, 35 Stat. 65, and amendments thereto, U.S.C.A. Title 45, Sec. 51 et seq., and further amended by the Act of Congress, approved by the President of the United States on August 11, 1939, Chapter 685 - First Session of the 76th Congress, known and cited as "The Federal Employers' Liability Act".

3. Defendant, National Railroad Passenger Corporation (hereinafter referred to as "Amtrak"), is a corporation duly organized and existing under and by virtue of the laws of the District of Columbia with its principle place of business at the above address, and which regularly does business in the District of Columbia and through the United States of America.

4. At the time and place hereinafter mentioned, the acts of omission and commission causing the injuries to the plaintiff were done by the defendant, its agents, servants and/or employees, acting in the course and scope of their employment with and under the control of the defendant.

5. At all time material hereto, Plaintiff was employed by Defendant.

6. All of the property, equipment and operations involved in the accident herein referred to were owned by and under the control of the Defendant, its agents, servants and/or employees.

7. On or about November 29, 2016, and for some time prior thereto, plaintiff was employed by Defendant Amtrak, as a trackman, and on that date, in the performance of his duties, he was caused to sustain the serious, permanent and painful personal injuries, more particularly hereinafter described.

8. Plaintiff was part of a maintenance gang out of Perryville, MD.

9. The gang was given a job briefing at a work site in Havre De Grace MD.

10. Plaintiff's gang arrived at a work site near Newark, DE and no job brief was given at this location.

11. A job briefing should have been given at Newark, DE to discuss the changed terrain among other safety concerns.

11. The conditions that day were slippery and muddy due to rain.

12. The ballast gave way underneath Plaintiff, causing him to fall and injure his left side.  As a result of the negligence and carelessness of Defendant, Plaintiff sustained physical, mental and emotional injuries hereinafter described.

13. The negligence and carelessness of the Defendant consisted of the following, inter alia:

    a) Failing to provide Plaintiff with a safe place to work;

    b) Failing to provide Plaintiff with a working area which was not defective;

    c) Failing to warn Plaintiff of the existence of said dangerous condition;

    d) Failing to make the work area reasonably safe for working conditions;

      e)      Failing to maintain said area in a condition which would protect and safeguard the Plaintiff;

      f)      Failing to correct the dangerous conditions existing thereon;

      g)      Failing to use due care under the circumstances.

14. As a result of the aforesaid, Plaintiff suffered injuries to his left side, including his left shoulder, left knee, neck, left wrist, left hand and low back, including but not limited to sprains, strains, puncture wounds and contusions.

15. Plaintiff additionally suffered re-aggravation of an existing back injury. Plaintiff has been advised that some or all of the above may be permanent in nature.

16. As a result of the aforesaid, Plaintiff had incurred a medically determinable physical impairment which prevented Plaintiff from performing all or substantially all of the material acts and duties which constitute his usual and customary work and limited his mobility and daily activities as well as enjoyment of life.

17. As a direct result of the defendants' negligence, through their agents, servants, workmen and/or employees, the Plaintiff was unable to attend to his usual duties and occupations, all of which caused substantial financial loss.

18. As a direct result of the defendants' negligence, through their agents, servants, workmen and/or employees, the Plaintiff has been and may continue to be required to receive and undergo medical treatment and medical care, including surgery, and has incurred reasonable and necessary medical expenses, all of which may and probably will continue in the future.

19. As a direct result of the defendants' negligence, through their agents, servants, workmen and/or employees, the Plaintiff has sustained pain, suffering, inconvenience, stress and a loss of enjoyment of life and may continue to suffer same for an indefinite period of time in the future.

WHEREFORE, plaintiff John Warner claims all remedies available under the Federal Employer's Liability Act (FELA).

KELLER AND GOGGIN, P.C.

By: /S/*Voci R. Bennett*
VOCI R. BENNETT, ESQUIRE
D.C. Bar Id. #PA0076
vbennett@keller-goggin.com
Keller & Goggin, P.C.
1528 Walnut Street, Suite 900
Philadelphia, PA 19102
(215) 735-8780

## **VERIFICATION**

I, _____, have read the foregoing. The statements herein are correct to the best of my personal knowledge, information and/or belief. This statement and verification is made subject to the penalties or 18 Pa. C.S.A.Sec. 4904 relating to unsworn falsifications to authorities, which provide that if I knowingly make false averments, I may be subject to criminal penalties.

*John P Weaver* (signature)